SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRIAN M. DAUCHER, Cal. Bar No. 174212
bdaucher@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:  714-513-5130

Attorneys for Defendant
THE TRIZETTO GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGENCY SOLUTIONS.COM, LLC dba HEALTHCONNECT SYSTEMS,<br><br>            Plaintiff,<br><br>    v.<br><br>THE TRIZETTO GROUP, INC.,<br><br>            Defendant. | Case No. 11-cv-01014-AWI-GSA<br><br>**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |

# **STIPULATED PROTECTIVE ORDER**

Plaintiff Agency Solutions.com, LLC dba HealthConnect Systems, Inc., defendant TriZetto Group, Inc. (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate that discovery or disclosure in this case of specified private, privileged, proprietary, trade secret and/or confidential information shall be had on the following terms and conditions:

1.  During the course of this litigation, all documents and information that a party considers to contain or to constitute confidential trade secrets, proprietary and/or financial information including but not limited to: (a) customer information, sales records, financial information, business plans and/or business development strategies; (b) data derived from such confidential information, including any summaries, compilations, or abstracts; (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in CALIFORNIA CIVIL CODE § 3426.1(d)) or other confidential research, development, or commercial information referenced in FED. R. CIV. P. 26(c)(7) and that has been designated by the producing party as confidential by stamping or writing "CONFIDENTIAL" or "CONFIDENTIAL — COUNSEL ONLY" on the face of the document, or alternatively, on the portion thereof containing the confidential information, shall be handled in accordance with this Protective Order.

2.  Any designating party shall have the right to designate as "CONFIDENTIAL" any information or documents or testimony it believes in good faith meets the definition in section 1 above. Any designating party shall also have the right to designate as "CONFIDENTIAL — COUNSEL ONLY" information or documents or testimony but only if it meets one of the following more limited categories: (a) source code; (b) confidential information under section 1 that post-dates May 2, 2011, that has not been shared with the other party and that does not relate to the implementation of the Integrated Solution; or (c) confidential information under section 1 that either: (i) constitutes financial information of the

-2-

1  party that includes information beyond financial information pertaining to the
2  Agreement between the parties; or (ii) pre-dates the formation the Agreement
3  between the parties.
4         3.      Neither a designation of "CONFIDENTIAL" or "CONFIDENTIAL —
5  COUNSEL ONLY" pursuant to this Protective Order, nor a determination not to
6  challenge such designation, shall be construed as a concession by any party nor be
7  admissible as evidence that such information is relevant or material to any issue, or
8  is in fact confidential, proprietary or a trade secret.
9         4.      CONFIDENTIAL or CONFIDENTIAL — COUNSEL ONLY
10 INFORMATION shall be held in confidence by each person to whom it is disclosed,
11 shall be used only for purposes of this action, shall not be used for any business
12 purpose, and shall not be disclosed to any person who is not a qualified recipient,
13 except as hereinafter provided.
14        5.      With respect to information and/or documents designated as
15 "CONFIDENTIAL," "qualified recipient" shall, in addition to any contemporaneous
16 author or recipient of such information and/or documents, mean:
17              A)   The Court and those employed by the Court, and court reporters
18                   and those employed by court reporters to transcribe, record or
19                   videotape testimony in this litigation;
20              B)   The officers, employees and/or directors of the receiving party
21                   responsible for handling and/or directly participating in the
22                   prosecution and defense of this litigation on behalf of the party.
23              C)   The outside attorneys and in-house counsel (collectively
24                   "attorneys") of the receiving party in connection with this action.
25              D)   Members of the paralegal, secretarial and clerical staff (including
26                   short hand reporters) employed by the receiving party or its
27                   attorneys.
28

   E) Members of the data entry and data processing staff employed by the receiving party's attorneys in assisting in the development and/or the data retrieval systems in connection with the action.

   F) The expert witnesses or consultants, if any, employed by the receiving party and/or its attorneys for the assistance in this action.

6. With respect to information and/or documents designated as "CONFIDENTIAL — COUNSEL ONLY," "qualified recipient" shall, in addition to any contemporaneous author or recipient of such information and/or documents, mean:

   A) The Court and those employed by the Court, and court reporters and those employed by court reporters to transcribe, record or videotape testimony in this litigation;

   B) The outside attorneys and in-house counsel (collectively "attorneys") of the receiving party in connection with this action, and not for any other business purpose

   C) Members of the paralegal, secretarial and clerical staff (including short hand reporters) employed by the receiving party's attorneys.

   D) Members of the data entry and data processing staff employed by the receiving party's attorneys in assisting in the development and/or the data retrieval systems in connection with the action.

   E) The outside independent expert witnesses or consultants, if any, retained by the receiving party and/or its attorneys for the assistance in this action.

   Notwithstanding these limitations above, nothing herein shall preclude a party's attorneys from describing without specifics the general nature of the information contained in any information designated CONFIDENTIAL –

1 COUNSEL ONLY to a party provided it is for a legitimate litigation purpose,
2 including but not limited to preparation for trial, settlement discussions, discovery,
3 or other proceedings in this action.
4     7.    All qualified recipients specified in Paragraph 5 (B) through (E) and
5 Paragraph 6 (B) through (E) shall, before any CONFIDENTIAL or
6 CONFIDENTIAL- COUNSEL ONLY information or documents are disclosed to
7 them, be advised by disclosing counsel of the provisions of the Protective Order and
8 such persons must agree to be bound by the terms hereof and maintain said
9 information or documents in confidence, and not disclose said information or
10 documents to anyone other than in accordance with the terms of this Protective
11 Order.  Any qualified recipients specified in Paragraph 5 (F) and Paragraph 6 (E)
12 shall be required to sign the Nondisclosure Agreement attached as Exhibit "A"
13 hereto prior to receiving any confidential information or documents subject to this
14 Protective Order.  Copies of executed certificates of confidentiality shall be
15 maintained by each party.  In the event of a dispute regarding disclosure of
16 CONFIDENTIAL or CONFIDENTIAL – COUNSEL ONLY INFORMATION,
17 copies of the certificates shall be provided to opposing parties' counsel upon request.
18     8.    Persons who are not qualified recipients under this Protective Order
19 may be examined as witnesses at depositions concerning CONFIDENTIAL
20 INFORMATION from an opposing party if such persons have prior knowledge of
21 such CONFIDENTIAL INFORMATION, or they agree to sign the certificate of
22 confidentiality attached as Exhibit "A" hereto.  Persons who are not qualified
23 recipients under this Protective Order may be examined as witnesses at depositions
24 concerning CONFIDENTIAL — COUNSEL ONLY INFORMATION from an
25 opposing party if such persons have prior knowledge of such CONFIDENTIAL —
26 COUNSEL ONLY INFORMATION.
27     9.    Should a party find it necessary in preparation for trial or other
28 proceedings in this action to disclose an adversary's CONFIDENTIAL or

1 CONFIDENTIAL — COUNSEL ONLY information to any person who is not a
2 qualified recipient under the terms of this Order, a notice shall be served on the
3 designating party identifying the person or persons to whom disclosure is to be
4 made together with the designation of the specific documents or contents thereof to
5 be disclosed to each such person and a statement of the necessity for such
6 disclosure.  Such notice shall be accompanied by a written acknowledgment by each
7 such person to whom disclosure is to be made, stating that he or she has read and
8 understands this Order and agrees to be bound by its terms.  If the designating party
9 objects to the proposed disclosure, it shall state its objections and the reasons
10 therefor in writing within ten (10) days of the receipt of the notice.  If objected to,
11 the disclosure shall not be made except upon further order of this Court.

12       10.    In the case of depositions, the provisions of this Order may be invoked
13 by: (1) declaring on the record at the deposition that the information that is disclosed
14 is CONFIDENTIAL or CONFIDENTIAL – COUNSEL ONLY, with instructions
15 that those portions of the transcript containing such information be separately
16 bound, or (2) designating specific pages as CONFIDENTIAL or CONFIDENTIAL
17 – COUNSEL ONLY and serving such designations within 30 days of receipt of the
18 transcript of the deposition in which the designations are made.

19       11.    CONFIDENTIAL or CONFIDENTIAL — COUNSEL ONLY
20 INFORMATION shall not be copied or otherwise reproduced by the receiving
21 party, except for transmission to qualified recipients, without the written permission
22 of the producing party, or, in the alternative, by further order of the Court.  Nothing
23 herein shall, however, restrict a qualified recipient from making working copies,
24 abstracts and digests of CONFIDENTIAL or CONFIDENTIAL — COUNSEL
25 ONLY INFORMATION for use in connection with this action, and such working
26 copies, abstracts and digests of CONFIDENTIAL or CONFIDENTIAL —
27 COUNSEL ONLY INFORMATION shall be deemed CONFIDENTIAL or
28 CONFIDENTIAL — COUNSEL ONLY INFORMATION, respectively, under the

terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or CONFIDENTIAL — COUNSEL ONLY INFORMATION into machine readable form for incorporation in a data retrieval system used in connection with this action, provided such converted or translated information shall be considered CONFIDENTIAL or CONFIDENTIAL — COUNSEL ONLY INFORMATION, as appropriate, and that access to CONFIDENTIAL or CONFIDENTIAL — COUNSEL ONLY INFORMATION in whatever form stored or reproduced, shall be limited to qualified recipients.

12. This order applies only to pre-trial discovery.  Prior to trial, the parties shall meet and confer concerning appropriate methods for dealing with at trial material designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL ONLY.

13. The restrictions and obligations relating to documents and information protected by this Protective Order shall not apply to any such document or information which both parties agree, or which the Court rules is already public knowledge or becomes public knowledge other than as a result of disclosure by the receiving party.

14. The receiving party reserves its right, at any time, to have the Court remove (or lower) the "CONFIDENTIAL" or "CONFIDENTIAL — COUNSEL ONLY" designation from any documents marked by the producing parties.  The parties shall meet and confer in good faith prior to the filing of any motion related to de-designation (or lowering) of any material designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY.  On such a motion, the designating party shall bear the burden of proof.  Further, if after meeting and conferring in good faith regarding designations the parties do not reach agreement, the receiving party may serve the designating party with an identification (e.g. by Bates number) of any material about which there remains a dispute.  To maintain its designations, the

1 designating party shall have the obligation to file a motion for resolution of the
2 dispute by the Court within seven (7) days of such identification.  If the designating
3 party does not file a motion within that time, the materials identified will be deemed
4 as de-designated (or lowered).

5         15.     Any inadvertent production of documents containing privileged
6 information shall not constitute a waiver of the attorney-client privilege, work
7 product doctrine or any other applicable privilege or doctrine.  All parties
8 specifically reserve the right to demand the return of any privileged documents that
9 it may produce inadvertently during discovery if the producing party determines that
10 such documents contain privileged information.  Upon request by the producing
11 party for return of any such documents designated as within the attorney-client,
12 privilege, work product doctrine, or any other applicable privilege or doctrine, the
13 receiving party immediately shall return to the producing party all copies of such
14 documents.  Nothing herein shall prevent the receiving party from challenging the
15 propriety of the attorney-client privilege, work product doctrine, or any other
16 applicable privilege or doctrine designation by filing an appropriate motion with the
17 court.  If any party inadvertently fails to designate a document or information as
18 CONFIDENTIAL or CONFIDENTIAL – COUNSEL ONLY, that party may
19 subsequently do so in writing and that material shall be deemed CONFIDENTIAL
20 or CONFIDENTIAL – COUNSEL ONLY from the date of such designation.

21         16.     Upon final termination of this action, including all appeals, each party
22 shall return all materials produced and designated as CONFIDENTIAL or
23 CONFIDENTIAL — COUNSEL ONLY INFORMATION to the producing party or
24 shall certify the destruction of such materials, in whatever form stored or
25 reproduced, including all working copies, abstracts and digests thereof.  The outside
26 attorneys representing each party in this action shall be entitled to retain file copies,
27 in whatever form stored or reproduced, including all other materials including, but
28 not limited to, court filings, discovery responses and documents, deposition and

court transcripts, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or CONFIDENTIAL — COUNSEL ONLY INFORMATION.  Any such materials which are not returned or destroyed shall remain subject to this Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

17. The Court can modify this Order in the interest of justice or for good cause shown.

Respectfully submitted,

Dated:  June 30, 2011

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By    */s/ Brian M. Daucher*
              BRIAN M. DAUCHER
              Attorneys for Defendant
              THE TRIZETTO GROUP, INC.

Dated:  June 30, 2011

        MANATT, PHELPS & PHILIPS LLP

        By    */s/ Ronald S. Katz (as authorized on 6/30/11)*
              RONALD S. KATZ
              Attorneys for Plaintiff
            AGENCY SOLUTIONS.COM, LLC dba
              HEALTHCONNECT SYSTEMS

IT IS SO ORDERED.

Dated:  **July 7, 2011**　　　　　　　**/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

W02-WEST:NA6\403672039.1

-9-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER